

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. 0-1445
Re: When the sheriff makes a trip
to serve a process, either
civil or criminal, and fails
to locate the person on whom
the process is to be served,
is he entitled to the 4¢ per
mile as set out in Article
3899(b)?

Your request for our opinion on the above stated question has
been received by this department.

Article 3899(b), Revised Civil Statutes, regarding certain
officers who receive a salary as compensation for their
services, reads in part as follows:

"....The Commissioners' Court of the county of the sheriff's
residence may, upon the written and sworn application of such
officer, stating the necessity therefor, allow one or more
automobiles to be used by the Sheriff in the discharge of
official business, which, if purchased by the county shall be
bought in the manner prescribed by law for the purchase of
supplies and paid for out of the general fund of the county
and they shall be reported and paid in the same manner as
herein provided for other expenses.

"Where the automobile or automobiles are owned by the Sheriff
or his Deputies, they shall be allowed four (4¢) cents for
each mile traveled in the discharge of official business, which
sum shall cover all expenses of the maintenance, depreciation
and operation of such automobile. Such mileage shall be re-
ported and paid in the same manner prescribed for other allow-
able expenses under the provisions of this section. No auto-
mobile shall be allowed for any Deputy Sheriff except those
regularly employed in outside work. It shall be the duty of
the County Auditor, if any, otherwise the commissioners'
court, to check the speedometer reading of each of said
automobiles, owned by the county once each month and to keep a

public record thereof; no automobile owned by the county shall be used for any private purpose...."

Our statutes specifically provide certain fees for mileage that a sheriff is entitled to receive when serving both civil and criminal process when such service is actually made; however, this department has repeatedly held that a sheriff cannot legally charge fees for mileage traveled in attempting to serve civil or criminal process, meaning those fees provided by statute for serving such process.

Referring to Article 3899, Section (b), supra, we quote from an opinion written by Hon. Joe J. Alsup, Assistant Attorney General, addressed to Hon. J. A. Belger, County Auditor, Travis County, Austin, Texas, January 13, 1936, as follows:

"Under the terms of said law we think it is evident that such mileage must be considered as an expense and not as a fee. A fee is somewhat a remuneration for services rendered while the four (4¢) cents per mile spoken of herein is mere in the form of remuneration for money expended. We, therefore, conclude that the same could in no wise be considered a fee."

You are respectfully advised that it is the opinion of this department that when a sheriff is acting in good faith and receives a salary as compensation for his services he should be paid the sum of four (4¢) cents for each mile traveled by automobile while attempting to serve either civil or criminal process upon the person whom the process is to be served although the sheriff fails to serve such process, provided the automobile is owned by the sheriff.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours
ATTORNEY GENERAL OF TEXAS
s/ Ardell Williams
By

Ardell Williams
Assistant

AW:AW/cg

APPROVED SEPTEMBER 23, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB, Chairman